UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
WAYNE STEWART,                            :      15 Civ. 7652 (AT) (JCF)
                                          :
              Plaintiff,                   :           REPORT AND
                                          :         RECOMMENDATION
      - against -                         :
                                          :
CITY OF NEW YORK, DET. R.                  :
HENRIQUEZ #2495, and DET. T.              :
FISCHER #7760,                            :
                                          :
              Defendants.                  :
- - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE ANALISA TORRES, U.S.D.J.:

Wayne Stewart brings this action against the City of New York
and Detectives "R. Henriquez" and "T. Fischer" pursuant to 42
U.S.C. § 1983; Title II of the Americans' with Disabilities Act,
42 U.S.C. §§ 12101-12132; and Section 504 of the Rehabilitation
Act of 1973, 29 U.S.C. § 794 et seq.  Mr. Stewart alleges that
during his arrest and detention from July 20, 2014, to July 26,
2014, the defendants denied him: (1) use of his wheelchair, (2)
use of his medical cushion, (3) wheelchair-accessible
transportation, and (4) other medical assistance.  At an
undocumented settlement conference held before me on April 11,
2017, the plaintiff agreed to release the defendants in exchange
for a sum of money, but after receiving proposed settlement papers
from the defendants, the plaintiff did not sign the papers or
perfect the agreement.  The defendants have moved to enforce the

1

April 11, 2017 oral agreement.  For the reasons stated below, I recommend denying the defendants' motion.

Discussion

A settlement agreement is a contract and is interpreted according to principles of contract law.  Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007).  The question of whether federal common law or state law applies to the enforcement of settlement agreements is unsettled in this Circuit, but because there is no material difference between the New York and federal standards, there is no need to decide that question here.  See Kaczmarcysk v. Dutton, 414 F. App'x 354, 355 (2d Cir. 2011); Ciaramella v. Reader's Digest Association, Inc., 131 F.3d 320, 322 (2d Cir. 1997).

Under New York law, litigating parties may bind themselves to a settlement agreement without a writing even if the parties contemplate later creating a writing to evidence their agreement. Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir. 1985); see also Restatement (Second) of Contracts § 27 (1981). However, if either party intends not to be bound until a writing is executed, then "no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract." Winston, 777 F.2d at 80.  To examine the intent of the parties, the court considers "the words and deeds [of the parties] which constitute objective signs in a given set of circumstances."  Id.

2

(alteration in original) (quoting R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 74 (2d Cir. 1984)).  To that end, the court considers four factors articulated in Winston:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Id.  "No single factor is decisive, but each provides significant guidance."  Ciaramella, 131 F.3d at 323.  A party's change of heart will not defeat an oral agreement.  Powell, 497 F.3d at 129.

A.    Reservation Not to be Bound

A party's reservation of the right not to be bound until a writing is executed can be evidenced by an express reservation or implied by the nature of the negotiations and the language of draft agreements.  Jarowey v. Camelot Entertainment Group, Inc., No. 11 Civ. 2611, 2012 WL 7785096, at *4 (S.D.N.Y. Sept. 10, 2012); Lindner v. American Express Corp., No. 06 Civ. 3834, 2007 WL 1623119, at *6 (S.D.N.Y. June 5, 2007).

Several paragraphs of the proposed settlement papers suggest that the parties intended the moment of signing as the point that the settlement would become effective.  First, the agreement's paragraph after the "WHEREAS" clauses states, "NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows . . . ."   ([Draft] Stipulation of Settlement

3

("Stipulation"), attached as part of Exh. A to Declaration of John L. Garcia dated Sept. 12, 2017 ("Garcia Decl."), at 1 (emphasis added)). This language suggests that only the terms of the written agreement would legally bind the parties. See Ciaramella, 131 F.3d at 324 ("The agreement's first paragraph after the WHEREAS clauses reads, 'NOW, THEREFORE, with the intent to be legally bound hereby, and in consideration of the mutual promises and covenants contained herein, Reader's Digest and Ciaramella agree to the terms and conditions set forth below: . . . .' (emphasis added). This language demonstrates that only the terms of the settlement agreement, and not any preexisting pact, would legally bind the parties." (alteration in original)).

Two releases annexed to the agreement are also telling. The first release is a release by plaintiff's counsel for attorneys' fees and costs and the second is a general release by the plaintiff. ([Attorney] General Release, attached as part of Exh. A to Garcia Decl.; [Plaintiff] General Release, attached as part of Exh. A to Garcia Decl.). Before the signature line, each reads, "IN WITNESS WHEREOF, I have executed this Release this __ day of __, 2017." ([Attorney] General Release; [Plaintiff] General Release at 2). This language indicates that a release would be effective only upon a signature. See Jarowey, 2012 WL 7785096, at *5.

The agreement also contains a merger clause, which reads:

> This Stipulation contains all the terms and conditions agreed upon by counsel for defendants and counsels for plaintiff hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of attorneys' fees, expenses, or costs shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

(Stipulation, ¶ 7).  A merger clause is persuasive evidence that the parties did not intend to be bound prior to a writing.  See Ciaramella, 131 F.3d at 324 ("[T]he final draft [of the agreement] contains a merger clause which states, 'This Settlement Agreement and General Release constitutes the complete understanding between the parties, may not be changed orally and supersedes any and all prior agreements between the parties. . . .  No other promises or agreements shall be binding unless in writing and signed by the parties.'  The presence of such a merger clause is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement." (third alteration in original) (footnote omitted)).

Because there is some evidence of an intent to be bound only by a signed writing, the first Winston factor weighs against enforcement.

B.    Partial Performance

"Partial performance can be found when 'one party has partially performed, and that performance has been accepted by the

party disclaiming the existence of an agreement.'" Waite v. Schoenbach, No. 10 Civ. 3439, 2011 WL 3425547, at *7 (S.D.N.Y. Aug. 5, 2011) (quoting Ciaramella, 131 F.3d at 325). The defendants contend that the drafting of the settlement papers constitutes partial performance. (Defendants' Memorandum of Law in Support of Their Motion to Enforce Settlement ("Def. Memo.") at 7). However, the plaintiff obviously rejected that proposal. Furthermore, an agreement by attorneys on the division of labor and the drafting of paperwork is not partial performance of an oral contract. See Smith v. Haag, No. 08 CV 6360, 2015 WL 866893, at *6 (W.D.N.Y. March 2, 2015). To the extent that this finding is inconsistent with Wesley v. Correction Officer Badge No. 9417, No. 05 Civ. 5912, 2008 WL 41129, at *3 (S.D.N.Y. Jan. 2, 2008) ("With respect to the third prong, there was partial performance of the settlement agreement. Counsel for Defendants had prepared and finalized all of the necessary paperwork and mailed them to Plaintiff for his signature."), I respectfully disagree that drafting paperwork constitutes partial performance of a bargained-for contract, especially where, as here, drafting the settlement agreement was not a term of the oral agreement. This factor is neutral at best.

C.    The Terms

The monetary terms of the oral agreement are not in dispute; rather, the parties cannot agree on whether the scope of Mr.

Stewart's release against the defendants was sufficiently clear. (Def. Memo. at 7-8; Memorandum of Law in Opposition to Defendants' Motion to Enforce Settlement ("Pl. Memo.") at 1). Plaintiff's counsel recalls "mention of a release" but cannot remember whether the plaintiff agreed to execute a general release. (Declaration of Amy Jane Agnew dated Sept. 18, 2017, ¶ 20). While the defendants' brief adamantly asserts that the plaintiff agreed to execute a general release (Def. Memo. at 8), the affidavit of defendants' counsel makes no mention of any release. Nor do my contemporaneous notes taken at the conference.

No evidentiary hearing is warranted to examine the attorneys' memories of the conference, since there is no indication that they would testify differently from their briefs and declarations. Given the uncertainty of whether a release was agreed upon, this factor does not weigh in favor of enforcement.[1] Even if I were to order counsel to clarify their recollection by affidavit or at a

---

[1] The plaintiff also argued that even if they had agreed to a general release, there is no generally accepted definition of that term and thus agreement had not been reached on the scope of a release. (Pl. Memo. at 13-15). I need not decide this issue. However, the plaintiff and his counsel might refer to the dictionary for that definition. See Release, General Release, Black's Law Dictionary (10th ed. 2014) ("A broad release of legal claims that is not limited to a particular claim or set of claims, such as those at issue in a pending or contemplated lawsuit, but instead covers any actual or potential claim by the releasing party against the released party based on any transaction or occurrence before the release.").

hearing, and even if both agreed that the plaintiff assented to a general release, the fourth factor weighs so strongly against enforcement that it would predominate.

D.   Fourth Factor

The April 11, 2017 oral agreement was not placed on the record.  "[S]ettlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court."[2] Powell, 497 F.3d at 131 (emphasis omitted) (quoting Ciaramella, 131 F.3d at 326); accord Monaghan v. SZS 33 Associates, L.P., 73

---

[2] This rule, applied in both federal question and diversity cases, appears to have been distilled by the Second Circuit from the New York Civil Practice Law and Rules (the "CPLR") as well as the California Code of Civil Procedure.  See Ciaramella, 131 F.3d at 326 ("Settlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court." (citing CPLR § 2104, and Cal. Civ. Proc. Code § 664.6)).  However, the Second Circuit in Ciaramella also stated,

> We note that New York Civil Practice Law and Rules [§] 2104, which sets out technical requirements that must be met for a settlement agreement to be enforceable under New York law, may also apply.  However, we need not address the issue whether section 2104 applies in federal cases or is consistent with federal policies favoring settlement.  Because we agree with [the plaintiff] that, under common law contract principles, [the plaintiff] never formed an agreement with [the defendant], we have no reason to rely on section 2104 in this case.

Id. at 322 n.1 (citations omitted).  I will not attempt to resolve this apparent tension but note that the open court rule is consistent with the policies underlying the fourth factor.  See Winston, 777 F.2d at 83.  The rule is also consistent with the policy concerns expressed in Powell that there be formal entries to memorialize agreements and ensure that "parties' acceptance is considered and deliberate."  497 F.3d at 131.

F.3d 1276, 1283 (2d Cir. 1996) ("We note that the parties' agreement did not meet the technical requirements of New York law for a binding settlement, which mandate a signed writing, an order, or agreement in 'open court.'" (citation omitted)); Willgerodt v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) ("Under New York law, an oral settlement agreement is only binding if it is made in 'open court.'" (footnote omitted)). "The significance of announcing the terms of an agreement on the record in open court is to ensure that there are at least 'some formal entries . . . to memorialize the critical litigation events,' and to perform a 'cautionary function' whereby the parties' acceptance is considered and deliberate." Powell, 497 F.3d at 131 (alteration in original) (citation omitted) (first quoting Willgerodt, 953 F. Supp. at 560; then quoting Tocker v. City of New York, 22 A.D.3d 311, 311, 802 N.Y.S.2d 147, 148 (1st Dep't 2005)).

There is a limited exception to the open court requirement. An oral settlement agreement may be enforced if it "substantially complies" with the requirement. Monaghan, 73 F.3d at 1283; Silas v. City of New York, 536 F. Supp. 2d 353, 360 (S.D.N.Y. 2008); In re Dolgin Eldert Corp., 31 N.Y.2d 1, 9-10, 334 N.Y.S.2d 833, 840-41 (1972). But there have to be "some formal entries, if only in the clerk's minutes, to memorialize the critical litigation events." Silas, 536 F. Supp. 2d at 361 (quoting In re Dolgin Eldert Corp., 31 N.Y.2d at 10, 334 N.Y.S.2d at 840). Some cases

9

have also held that the requirement is satisfied even if the memorialization is misplaced or lost.  Id.  Finally, even if the open court requirement is not substantially complied with, the court may enforce the agreement if a settlement party relies to his detriment on the agreement.  Id.

The oral agreement here fits into none of these categories. There was no memorialization or formal contemporaneous documentation, and there is no allegation that any party detrimentally relied on the agreement.  The agreement was not made in open court, but rather in a conference room during confidential settlement discussions.  Furthermore, this is the type of agreement that would be expected to be reduced to writing or placed formally on the record.  While this settlement is not particularly complex and the draft agreement spanned only four pages, "[w]here, as here, the parties are adversaries and the purpose of the agreement is to forestall litigation, prudence strongly suggests that their agreement be written in order to make it readily enforceable, and to avoid still further litigation."[3]  Winston, 777 F.2d at 83.

Indeed, the issues with the attorneys' recollections of the conference demonstrate the importance of this rule.  One attorney states in a brief that he remembers the scope of the release but

---

[3] The agreement in Winston was also only four pages long.  See Winston, 777 F.2d at 83.

does not affirm his memory in his affidavit; the other attorney

recalls discussing a release but does not recall its breadth.

While New York policy strongly favors promoting settlement, it

also favors "certainty, judicial economy, flexibility to conduct

settlement negotiations without fear of being bound by preliminary

offers[,] and the prevention of fraud." Bonnette v. Long Island

College Hospital, 3 N.Y.3d 281, 286, 785 N.Y.S.2d 738, 741 (2004).

This factor significantly weighs in favor of the plaintiff.

Because none of the other factors weighs in favor of enforcement

and the fourth factor weighs heavily against it,[4] I recommend

denying the defendants' motion.

Conclusion

For the reasons articulated above, I recommended denying the

defendants' motion (Docket no. 91). Pursuant to 28 U.S.C. §

---

[4] The Second Circuit strongly suggests that finding an agreement non-compliant with the open court rule is sufficient reason to decline enforcement of an otherwise acceptable settlement. See Powell 497 F.3d at 131 ("[S]ettlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court." (first emphasis added) (some emphasis omitted) (quoting Ciaramella, 131 F.3d at 326)); see also Silas, 536 F. Supp. 2d at 362 ("In sum, the parties' oral agreement in this case does not satisfy the requirements of CPLR [§] 2104. . . . Thus, returning to the fourth Winston factor, we conclude that this agreement was of a type that is usually committed to writing. However, we need not make a holistic determination as to the parties' intent, because CPLR [§] 2104 alone bars enforcement of this settlement agreement."). But the Circuit has also stated that "[n]o single factor is decisive" and "each provides significant guidance." Powell, 497 F.3d at 129 (quoting Ciaramella, 131 F.3d at 323). I need not resolve this issue here as none of the factors weigh in favor of enforcement.

636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Analisa Torres, Room 2210, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           October 20, 2017


Copies transmitted this date:

Amy J. Agnew, Esq.
Law Office of Amy Jane Agnew, PC
43 W. 43rd St., Suite 79
New York, NY 10036

John L. Garcia, Esq.
Tobias E. Zimmerman, Esq.
New York City Law Department
100 Church St.
New York, NY 10007